JOHN H. WARREN et al., complainants-appellants,

*v.*

JAMES A. WARREN et al., defendants, THOMAS WARREN et al.,
defendants-respondents.

[Submitted December 6th, 1915.   Decided March 6th, 1916.]

On appeal from a decree of the court of chancery advised by
Vice-Chancellor Leaming, whose opinion is reported *ante p. 346.*

The bill states that by deed dated March 16th, 1844, Richard
Warren, in consideration of natural love and affection for his
wife Susan and his children Richard, George, William, Emeline,
John, Robert and Mary, and of the sum of fifty cents, did grant,
bargain, sell and convey unto Frederick Knighton certain de-
scribed lands in the county of Mercer, together with the build-
ings,   *   *   *   hereditaments, &c.

"In trust nevertheless that he, the said Frederick Knighton, his heirs
and assigns shall and will permit the said Susan D. Warren, Richard H.
Warren, George W. Warren, Emeline Warren, John H. Warren, William
Warren, Robert D. Warren and Mary Warren and the survivors of them
to possess and enjoy the same and receive the rents, issues and profits
thereof, and to rent the same to any tenant or tenants, for their own
separate use, and the use of the survivors of them. And in further
trust that upon the joint request of the said Richard Warren, Susan D.
Warren, Richard H. Warren, George W. Warren, Emeline Warren, John
H. Warren, William Warren, Robert D. Warren and Mary Warren or
of the survivors of them to convey the same in fee-simple to the said
Richard Warren, his heirs, or heirs-at-law according to the laws of the
State of New Jersey for the time being."

The bill further states that no other children were born to
said grantor; that the said wife and children possessed and en-
joyed the described lands after the making of the deed, and
upon the death of any of them the survivors continued in the
enjoyment of the property; that the said wife and children as

well as the trustees are all dead, and that no new trustee has been appointed. The bill contains further statements showing who are the descendants of said children and the heirs-at-law of said original grantor (all of whom appear to be parties either complainant or defendant) and pray the appointment of a trustee or trustees in the place of said Frederick Knighton, deceased, and that such trustee or trustees be directed to convey the legal title to the lands in question to the heirs-at-law of said Richard Warren (the grantor) or that such title be vested in said heirs by decree of the court, according to their several interests, and for further relief. To this bill there was a demurrer on the ground that complainants have an adequate remedy at law; that the bill does not show any trust now existent or capable of being enforced, or for the execution of which a trustee should be appointed, and that no trust was created by said deed, and if created, has terminated, and the interests of the parties themselves are not cognizable or determinable in equity.

The cause was heard by Vice-Chancellor Leaming, who filed the following memorandum:

"I am convinced that the averments of the bill disclose that this court is without jurisdiction to either execute the trust or appoint a trustee for that purpose.

"Should it be assumed, as contended by complainant, that the words of inheritance as used in the deed in question were adequate to convey the fee, and that the duty of the trustee to convey upon the joint request specified in the deed rendered the trust, which but for the existence of that duty would have been a simple trust, a special trust and thereby removed it from the operation of the statute of uses, it yet seems clear that upon the death of all persons who were by the terms of the deed authorized to execute the 'joint' request' the trust became a simple trust and equally subject to the operation of the statute of uses. *Lew. Tr.* *686. In whom the fee then vested would be a question to be determined by the courts of law.

"I entertain the view, however, that the words of inheritance used in the trust deed cannot be properly construed as creative of a fee in the trustee. The words of inheritance occur only in that part of the instrument which directs the trustee to

permit the life beneficiaries to possess and enjoy until the decease of the survivor, and when considered in connection with the entire instrument suggest no intention to create an estate of greater duration either in the trustee or the beneficiaries. It is urged that the performance of the duty of the trustee to convey to the donor upon the joint request referred to in the deed contemplates a conveyance of the fee; but the conveyance, if required, would necessarily arise during the continuance of an estate *pur auter vie* and would require the existence of no greater estate to support it. I am satisfied that at the decease of the surviving life beneficiary the trust estate terminated.

"I will advise a decree allowing the demurrer."

*Messrs. Wescott & Weaver,* for the appellants.

*Mr. Gilbert Collins* and *Mr. Charles B. Bradley,* for the respondents.

PER CURIAM.

The decree of the court of chancery is affirmed, for the reasons stated in the memorandum opinion of Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—14.

*For reversal*—None.