SIDNEY KAUFMAN, BY HIS NEXT FRIEND, PROSECUTOR, v. WILLIAM H. SMATHER, JUDGE, ETC., DEFENDANT.

Submitted May 16, 1931—Decided May 16, 1932.

Before Justices Trenchard and Donges.

For the prosecutor, *Bourgeois & Coulomb* and *William B. Hunter*.

For the defendant, *Samuel Levinson* and *Elwood C. Weeks*.

Per Curiam.

The prosecutor was adjudged to be the father of a child in proceedings under the "act for the maintenance of bastards." It is not necessary to review the facts, because they are not involved in the legal questions now raised.

The first point argued by the prosecutor for a reversal of the judgment below is that the court in which the trial was had, which prosecutor calls the "Atlantic County Juvenile Court," did not exist.

In 1903, an act was passed entitled "An act establishing a court for the trial of juvenile offenders," defining its duties and powers, setting forth the jurisdiction of said courts, and constituting the Common Pleas judge of the county the judge of the court. In 1912, an act was passed creating Juvenile Courts in counties of the first class, and this court was given jurisdiction over matters that were formerly cognizable in the "courts for the trial of juvenile offenders." In the same year an act was passed providing "for the hearing and determination of disputes or matters affecting the domestic relation and conferring jurisdiction upon the County Juvenile Courts." By the provisions of the latter act, in all counties where there is or may be established a County Juvenile Court, said court is given concurrent jurisdiction in matters involving the domestic relation and welfare of children. A supplement to that act was passed in 1927 (*Pamph. L.* 1924, *ch.* 299), which provides: "In counties where there is or may be hereafter established a County Juvenile Court, said court is vested with concurrent jurisdiction to hear and determine disputes regarding the parentage, care, custody and maintenance of illegitimate children," as provided for in the act entitled "An act for the maintenance of bastard children."

The prosecutor's argument is that the jurisdiction to try bastardy proceedings is confined to Juvenile Courts in first class counties. We think there is no merit in this contention and that there was established a Juvenile Court in Atlantic county and that said court had jurisdiction to hear and determine bastardy proceedings.

The next point is that if there was an "Atlantic County Juvenile Court," it was not in existence at the time of the institution of these proceedings by reason of the act of 1929 (*Pamph. L.* 1929, *p.* 274), which established "Juvenile and Domestic Relations Courts" and defined their jurisdiction, powers and duties, and regulated procedure therein. By this act, a court was established in each county of the state and its jurisdiction clearly included proceedings for the maintenance of bastards. In counties other than those of the first class the judge of the Common Pleas Court was designated as the judge of the new court. While it is true that there is no express repealer of prior legislation, we are of opinion that the act of 1929 was a complete revision and that the Juvenile Courts theretofore created were abolished by the said act. It follows that proceedings in the instant case were cognizable by the Juvenile and Domestic Relations Court of said county of Atlantic.

The objection of prosecutor, therefore, reduces itself to the simple one of whether or not the admitted fact that the proceeding was entitled in the "Juvenile Court of Atlantic County" instead of "Juvenile and Domestic Relations Court of Atlantic County," requires a reversal of the order under review. There is no doubt that the Juvenile and Domestic Relations Court had jurisdiction over the subject-matter and had jurisdiction over the person of the defendant below. Nor is there doubt that Hon. William H. Smathers was judge of said court. The mere inadvertent omission of a part of the name of the court should not be seized upon by this court to defeat a judgment otherwise beyond attack. In *Schomp* v. *Tompkins,* 46 *N. J. L.* 608, it was held that irregularities in procedure should not be permitted to defeat the order of filiation, if the jurisdictional facts can be gathered from the case,

and that every intendment should be made in favor of the order. To the same effect is *Overseer, &c.,* v. *Eason,* 92 *N. J. L.* 199; 104 *Atl. Rep.* 291.

The prosecutor recognized the jurisdiction of the court by entering into a bond in the sum of $1,000 and reciting therein that the defendant was "brought before the Hon. William H. Smathers, judge of the Atlantic County Juvenile and Domestic Relations Court of the County of Atlantic," and further that "the said judge in the said Juvenile and Domestic Relations Court" made the order under review.

We conclude that the omission of a part of the title of the court, it being clear that such court had jurisdiction of the case, did not render the order void.

Further, after a full and complete trial upon the merits, in which a jury was demanded and allowed, the defendant below secured from the trial judge a rule to show cause why a new trial should not be granted, without the reservation of any exceptions or questions of law, either as to the jurisdiction of the court or otherwise. A bastardy case is a civil and not a criminal proceeding. *Overseer* v. *Eason, supra.* The action of the prosecutor amounted to a waiver of any objection to errors in procedure. *Schomp* v. *Tompkins, supra.*

The next point is that the complaint was made by the mother and not by the overseer. Section 5 of the act of 1929 creating the court provides that a proceeding may be instituted by complaint or petition and verified by the person making same. It is sufficient to say, however, that this point was not raised before judgment in the court below, and appears to have been raised for the first time on the return of the rule to show cause. It is not now available to prosecutor.

As to the alleged error in the order requiring the defendant therein to pay to the probation officer, instead of to the overseer of the poor, this may be corrected by the entry of a suitable order when the case is remanded to the county court. *Overseer* v. *Eason, supra.*

We conclude that the order under review when so corrected should be affirmed, but without costs.