George Daniecki was indicted, tried and convicted in the oyer and terminer of Union county for the murder of John Hayden in a holdup with two associates; he was the actual killer. The traverse jury found the three guilty of murder in the first degree, but recommended mercy, and they were sentenced to life imprisonment at hard labor. The murder was on February 17th, 1930, and the conviction and sentence *Page 528 
in May following. Daniecki now petitions for a writ of habeascorpus and to be discharged from custody on the ground that at the time of the murder and sentence he was a juvenile under the age of sixteen years and therefore the court of oyer and terminer was without jurisdiction to try, convict and sentence him; that his imprisonment is without authority in law.
By an act of the legislature (Revision of 1929 — P.L. p. 274) the "juvenile and domestic relations court" was established in each county, and "vested with exclusive jurisdiction to hear and determine all cases against a child under sixteen years, who shall commit any of the hereinafter mentioned offenses when under the age of sixteen years, * * * (b) who commits any act or offense for which he could be prosecuted in a method partaking of the nature of a criminal action or proceeding." Other offenses are violations of penal laws or municipal ordinances; where the juvenile is a disorderly person, habitual vagrant, incorrigible, who associates with thieves or vicious or immoral persons, growing up in idleness or crime, or visits gambling places, idly roams the streets at night, who is an habitual truant from school or who deports himself as to endanger his morals, health or general welfare. The court is also vested with jurisdiction to hear and determine disputes involving domestic relations or the welfare of children, for violations of "An act concerning disorderly persons," "An act for the settlement and relief of the poor," "An act for the maintenance of bastards," and "An act to promote home life for dependent children." In counties other than first class, the judge of the court of common pleas is the judge of the juvenile court, who "shall hear and determine all cases of children, arising under the provisions of this act, without ajury," and if the person be found guilty he may impose the penalty now provided by law, or may suspend the sentence and place the offender upon probation. Criminal charges against a juvenile in any other court are to be transferred to the juvenile court, there to be adjudged and the offender committed to a public institution established for the care, custody, instructions and reform *Page 529 
of juvenile offenders; and no child so committed shall lose its civil liberties, be deemed a criminal, nor shall his record be used against him in any state civil service examination. It is also provided that no child shall be charged or convicted of any crime in any court except with the consent of the judge of the juvenile court.
The propriety of the indictment for murder in the court of oyer and terminer is not criticised, the contention being that the court had no jurisdiction to try, convict and sentence the prisoner, that it should have transferred the indictment to the juvenile court for trial.
It is inconceivable that the legislature intended to make of the juvenile court a sanctuary for juvenile felons, in this instance a murderer, by subdivision "(b) who commits any act or offense for which he could be prosecuted in a method partaking of the nature of a criminal action or proceeding," and yet it significantly omitted from the revision of 1929, the proviso to "An act establishing a court for the trial of juvenile offenders and defining its duties and powers (P.L. 1903 p. 477), that "this act shall not apply to any case where two or more are jointly charged with the commission of some crime and one of them is over the age of sixteen years," albeit the revision operated to repeal the earlier act. Kaufman v. Smather, 10 N.J. Mis. R.671; 160 Atl. Rep. 500, reversed on other grounds,111 N.J. Law 52. But whatever benevolent considerations may have moved the legislature, it had not the power to vest jurisdiction in the juvenile court to try the crime of murder (or any other indictable offense) without a jury. The right of trial by jury is assured by the constitution to all persons charged with crime, as at common law, and under our Criminal Procedure act, an indictment for murder is found and triable only in the oyer and terminer by jury; the jury determines the degree. And it is revealing that the function to try murder indictments was especially reserved to the oyer and terminer when the power was delegated to the sessions to try indictments found in the oyer. An illustration of how zealously the law insists upon a jury trial of one charged with this enormous offense is section 107 *Page 530 
of the Crimes act, which prohibits a plea of guilty and directs a plea of not guilty be entered "and a jury duly impaneled shall try the case in manner aforesaid."
It may well be that the legislature may vest in the juvenile court, or in any other court, jurisdiction to try indictments for crimes, but that is beside the mark. The point is that by the act under review it did not establish a court competent to try indictments for crime. The fundamental vice in the act creating the juvenile court, with exclusive jurisdiction to try juveniles for all manner of crime, is that it denies a trial by jury and requires the culprit to be tried by the judge.
It may be that a murderer may waive his right of trial by jury and elect to be tried by the judge (State v. Genz,57 N.J. Law 459), but he must avail himself of that privilege, if it be a privilege, in the court established by law to hear and determine the issue of guilt; he cannot escape or "waive" the lawful tribunal; the judgment of a court lacking jurisdiction to lawfully condemn offers no immunity.
The authorities in this state are uniform, that a person charged with a crime is constitutionally entitled to have his offense investigated by a grand jury, to be arraigned upon indictment found and to a trial by jury, and that legislation erecting courts, giving them jurisdiction to try charges of crime without a jury, is beyond legislative power. In State v.Anderson, 40 N.J. Law 224, the accused was indicted for keeping a disorderly house (habitual violation of liquor laws) in Paterson. The statute invoked to annul the indictment provided that where such offenses occurred in cities which by ordinance provided for punishment, the offenders should not be prosecuted by indictment, but summarily in the local court. Chief-Justice Beasley upheld the indictment, triable in the criminal court, and in holding the act to be in violation of the constitutional prerequisite of indictment, explained: "The keeping of a disorderly house is a crime indictable at common law, and in this state it is punishable by fine and imprisonment in the state prison. Therefore, it is clear and if this offense can, for the purpose of crimination, trial and punishment, be put into the hands of these *Page 531 
municipal authorities, it follows that all common law offenses of the same grade can be, in like manner, so deposited. This, I think, cannot be conceded." In Richardson v. State Board ofControl of Institutions and Agencies, 98 N.J. Law 690, Mrs. Richardson, an officer of a home for dependent children, was convicted before the judge of the court of quarter sessions, sitting as a special tribunal under an act entitled, "An act concerning the welfare of children" (P.L. 1915 p. 441), of brutally beating children in her custody. The act gave the judge of the quarter sessions jurisdiction to hear such complaints and to punish by fine or imprisonment. The supreme court set aside the conviction on the ground that the charges were in fact for assault and battery, indictable offenses, triable by jury, and that the court was without jurisdiction; it also held that the defendant going to trial without objection could not confer jurisdiction. See, also, State v. Rodgers, 90 N.J. Law 60;reversed, 91 N.J. Law 212; State v. Firth, 103 N.J. Law 275;State v. Gratz, 86 N.J. Law 483; Geiger v. Recorder's Courtof Town of Irvington, 96 Atl. Rep. 1006.
The jurisdiction of the court of oyer and terminer to try and sentence the prisoner is in nowise impaired by the Juvenile act. The petition will be dismissed.
If the prisoner desires a review by the court of appeals, the writ will issue, and upon return and issue joined it will be dismissed. The production of the body will be waived. *Page 532