This is an application for a writ of habeas corpus in the above entitled matter.
It appears that on January 14th, 1936, the grand jury of Hudson county indicted Giro L. Mei for the murder of Sergi Sciarra and also indicted him for assault with the intent to kill upon Joseph Sciarra. As a result thereof the said Giro L. Mei is confined in the Hudson county jail upon commitments issued out of the Hudson county court of oyer and terminer and the Hudson county quarter sessions. At the time of the alleged crime Giro L. Mei was fifteen years of age, having been born on August 11th, 1920.
It is argued by counsel that under chapter 284, P.L. 1935, the juvenile court of the county of Hudson has exclusive jurisdiction over the said Mei because he is under sixteen years of age. This act provides:
"A juvenile and domestic relations court is hereby established in each county of the State and is vested with exclusive jurisdiction to *Page 124 
hear and determine all cases of juvenile delinquency. Juvenile delinquency is hereby defined as the commission by a child under sixteen years of age of any act which when committed by a person of the age of sixteen years or over would constitute:
(a) A felony, high misdemeanor, misdemeanor or other offense, * * *
(c) Any act or offense for which he could be prosecuted in the method partaking of the nature of a criminal action or proceeding, * * *."
The above mentioned act was approved June 6th 1935, and took effect immediately.
This same question was before Vice-Chancellor Backes in Exparte Daniecki, 117 N.J. Eq. 527; affirmed, 119 N.J. Eq. 359;177 Atl. Rep. 91, upon an application for a writ of habeas corpus
to discharge a child under the age of sixteen from custody after he had been indicted for murder. The vice-chancellor referred to the Juvenile and Domestic Relations Court act as follows:
"It is inconceivable that the legislature intended to make of the juvenile court a sanctuary for juvenile felons, in this instance a murderer, by subdivision `(b) who commits any act or offense for which he could be prosecuted in a method partaking of the nature of a criminal action or proceeding.'"
Later on in the same case he says:
"But, whatever benevolent considerations may have moved the legislature, it had not the power to vest jurisdiction in the juvenile court to try the crime of murder (or any other indictable offense) without a jury. The right of trial by jury is assured by the constitution (article 1, section 8) to all persons charged with crime, as at common law, and under our Criminal Procedure act (2 Comp. Stat. 1910 p. 1820 § 1), an indictment for murder is found and triable only in the oyer and terminer by jury; the jury determines the degree. And it is revealing that the function to try murder indictments was especially reserved to the oyer and terminer when the power was delegated to the sessions to try indictments found in the oyer. An illustration of how zealously the law insists upon a jury trial of one charged with this enormous offense is section 107 of the Crimes act (as amended in 1917, Cum. Supp. Comp. Stat. 1924 § 52-107), which prohibits a *Page 125 
plea of guilty and directs a plea of not guilty be entered `and a jury, duly empaneled, shall try the case in manner aforesaid.'"
The vice-chancellor further said:
"The fundamental vice in the act creating the juvenile court, with exclusive jurisdiction to try juveniles for all manner of crime, is that it denies a trial by jury and requires the culprit to be tried by the judge."
He further said:
"The authorities in this state are uniform that a person charged with a crime is constitutionally entitled to have his offense investigated by a grand jury, to be arraigned upon indictment found, and to a trial by jury, and that legislation erecting courts, giving them jurisdiction to try charges of crime without a jury, is beyond legislative power."
I feel that I am bound by the above statements of the law. Even though the petitioner in this case or the child himself voluntarily submitted to the jurisdiction of the juvenile court such jurisdiction could not be conferred by the consent of either. The court of oyer and terminer and the court of quarter sessions have already assumed jurisdiction in this case. I, therefore, feel compelled to deny the application.